IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY PETERSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3699 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, Terry Peterson, Jr., files this section 2254 habeas petition challenging his 2009 guilty plea conviction and three-year sentence for felon in possession of a firearm.[1] Public court records for the Harris County District Clerk's Office and the Texas Court of Criminal Appeals show that, at the time petitioner filed the instant petition, his three-year sentence had been discharged. Accordingly, this petition is DISMISSED AS MOOT as the sentence has been discharged.

This petition is further barred by the AEDPA one-year limitation found in 28 U.S.C. § 2244(d). Public state court records show that petitioner pleaded guilty to the offense of felon in possession of a firearm and was sentenced on November 18, 2009. Petitioner's guilty plea waived his right to appeal, and no direct appeal was taken. Accordingly,

---

[1] The state court record exhibits submitted by petitioner reflect "Terry Peters" as the named defendant. Harris County public criminal records reflect "Terry Peters" as one of petitioner's seven known aliases. The Court will refer to petitioner as Terry Peterson, Jr., the name under which petitioner is currently imprisoned.

petitioner's conviction became final for purposes of the AEDPA limitation thirty days later, on or about December 18, 2009, and expired one year later, on or about December 18, 2010.

Petitioner filed an application for state habeas relief with the trial court on August 31, 2012, which was dismissed by the Texas Court of Criminal Appeals on September 11, 2013, based on petitioner's discharge of the sentence. Petitioner filed the instant federal habeas petition no earlier than December 13, 2013.

Petitioner's state habeas petition was filed after expiration of the federal one-year statute of limitations, and did not toll limitations. Petitioner's instant federal petition shows on its face that it is barred by limitations. In stating why he filed an untimely federal petition, petitioner disclosed the following in his petition: "Petitioner is being held on false charges, because there never was a firearm received to charge defendant the defendant is inn [*sic*]." (Docket Entry No. 1, p. 11.) Petitioner's claim of being held on false charges does not provide a basis for holding the instant petition timely under AEDPA.

The Court ordered petitioner to show cause why this case should not be dismissed as barred by limitations. In response, petitioner argues that he is entitled to equitable tolling because he intended here to raise an actual innocence claim pursuant to the Supreme Court's recent decision in *McQuiggin v. Perkins*, __U.S. ___, 133 S. Ct. 1924, 1932–33 (2013). In *McQuiggin*, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the AEDPA one-year limitation upon a showing of "actual innocence" under the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Thus, a habeas petitioner who seeks to overcome the limitations bar through a showing of "actual innocence" must

support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326–27. "Actual innocence" in this context refers to factual innocence and not mere legal insufficiency of the evidence. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

In arguing that he is actually innocent because there was "no evidence of a firearm," petitioner falls far short of his burden under *McQuiggin*. Assuming that *McQuiggin* would apply in context of a guilty plea, petitioner only makes a conclusory claim of actual innocence. He fails to meet the threshold requirements of actual innocence by showing that in light of new evidence, credible declarations of guilt by another person, trustworthy witness accounts, or physical evidence, no reasonable juror would have found him guilty beyond a reasonable doubt if he had not pleaded guilty. Petitioner is not entitled to equitable tolling under *McQuiggin*, and his claims are barred by the AEDPA one-year statute of limitations.

This case is DISMISSED AS MOOT. In the alternative, the petition is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on January 29, 2014.

_____
Gray H. Miller
United States District Judge

3